## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

**TRAFIGURA AG,  Plaintiff**

**v.**

**TRINITY TRANSPORT INC.; T. H. GONZALEZ INC.; MTS TRANSPORTATION INC., and PEDRO PEREZ,  Defendants.**

§
§
§
§
§
§
§
§
§

**C.A. No.:  2:11-cv-39**

## ORIGINAL COMPLAINT

NOW COMES plaintiff, Trafigura AG, and for an Original Complaint for damages against defendants, Trinity Transport Inc., T.H. Gonzalez Inc., MTS Transportation Inc., and Pedro Perez, respectfully avers as follows:

## PARTIES

1.

Plaintiff Trafigura AG is a foreign corporation organized pursuant to the laws of a foreign country with its principal place of business in the United States in Stamford, Connecticut.

2.

Defendant Trinity Transport Inc. ("Trinity Transport") is a corporation organized pursuant to the laws of the State of Delaware with its principal place of business in Seaford, Delaware.  Trinity Transport was at all relevant times authorized to do and conducting business within the Western District of Texas and may be served at through its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX  75201-4234.

3.

Defendant T.H. Gonzalez Inc. ("T.H. Gonzalez") is a corporation organized pursuant to the laws of the state of Texas with its principal place of business in Eagle Pass, Texas.  T.H. Gonzalez was at all relevant times authorized to do and conducting business within the Western District of Texas and may be served at through its registered agent for service, Tomas H. Gonzales, at 662 Quarry Street, Eagle Pass, TX  78853.

4.

Defendant MTS Transportation Inc. ("MTS") is a corporation organized pursuant to the laws of the state of Texas with its principal place of business in Amarillo, Texas.  MTS was at all relevant times authorized to do and conducting business within the Western District of Texas and may be served at through its registered agent for service, Timothy U. Merrill, 3131 South Bell Street, Suite 113, Amarillo, TX  79106.

5.

Defendant Pedro Perez ("Perez") is an individual of the age of majority who is believed to be resident of the state of Texas, whose address is not currently known to Plaintiff, but which will be supplemented when discovered.

**JURSIDICTION**

6.

This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333 because the parties are diverse of each other and the amount in controversy exceeds $75,000.  Alternatively, jurisdiction exists pursuant to 28 U.S.C. §1331 due to the applicability of the Carmack Amendment, 49 U.S.C. § 14706(d)(1).

**VENUE**

7.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) and/or 49 U.S.C. § 14706(d)(2) as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district, including the loading and delivery of the cargo into defendants' care, custody, and control in Eagle Pass, Texas.

**FACTS**

8.

At all relevant times, Trafigura was the owner of a cargo San Luis Potosi Copper Blister, having purchased the same from Industrial Minera, Mexico, S.A. DE C.V. ("IMM"), and brings this suit on its own behalf and on account of its subrogated insurers as their interests may appear.

9.

On or About January 14 2009, Trafigura agreed to sell to Asarco LLC approximately 400 metric tons of Copper Blister, itself consisting of varying quantities of precious and valuable metals, to be delivered CPT Asarco Amarillo Refinery, Amarillo, Texas by Trafigura.

10.

On information and belief, Trafigura entered into a binding agreement with Trinity Transport whereby Trinity Transport agreed to transport and/or arrange for the transportation of the Copper Blister from Eagle Pass, Texas to Amarillo Texas and to insure the same against all perils and risks of loss.

11.

On information and belief, Trinity Transport entered into binding agreements with delivering carriers, including but not limited to MTS and/or Perez, to transport the cargo from

Eagle Pass, Texas to Amarillo, Texas, which agreements were made for the express benefit of Trafigura and to which Trafigura is a third party beneficiary.

12.

On or about May 14, 2009, IMM delivered the Copper Blister via rail car from Mexico to Piedras Negras, Texas where, under the supervision and instruction of T.H. Gonzalez, the Copper Blister was transloaded into multiple trucks operated by and/or designated by Trinity Transport and/or MTS and/or Perez for delivery to Amarillo, Texas.

13.

On or about May 14, 2009, T.H. Gonzalez and/or MTS and/or Perez, for itself/themselves, as delivering carrier and/or as agent for Trinity Transport, issued a straight bill of lading for fifteen (15) pieces of Copper Blister, which was consigned to Asarco LLC for delivery to Asarco's refinery in Amarillo, Texas.

14.

On information and belief, the cargo shipped under the aforementioned bill of lading was loaded onto a MTS truck owned and/or operated and/or driven by Perez.  Said truck failed to arrive and deliver the goods at the Asarco refinery in Amarillo, Texas as agreed to and warranted by defendants, and is presumed stolen and forever lost to the detriment and injury of Trafigura.

15.

At the time of the loss of the cargo, the cargo was in the exclusive care, custody, and control of defendants, having received the same in good order and condition.

16.

As a proximate result of defendants' actions, inactions, and/or failure to deliver the Cargo to its destination in the same good order in which it was received, Trafigura has sustained and continues to sustain damages in an amount presently estimated to be no less than $362,361.25,

exclusive of additional expenses, costs, interest, and attorneys' fees, all of which are claimed and recoverable.

17.

All defendants are jointly and severally liable for the entirety of Trafigura's damages.

**CAUSES OF ACTION**

18.

The transportation of the cargo at suit was at all relevant times subject to the Carmack Amendment 49 U.S.C. 14706, *et seq*., for which defendants' conduct as carriers, freight forwarders, and/or freight brokers is regulated, and for which defendants are liable to Trafigura.

19.

Alternatively, Trinity Transport is liable to Trafigura, in whole or in part, under the laws of the State of Texas as the result of the following non-exclusive acts:

(a) Breach of its contractual obligation, among others to be proven at trial, to deliver the cargo at suit to the agreed upon location;

(b) Breach of its contractual obligation, among others to be proven at trial, to insure the cargo at suit against all perils and risks of loss;

(c) Failure to perform due diligence and exercise reasonable care in the selection of trucking companies;

(d) Failure to fulfill its obligations as bailor of the cargo at suit;

(e) The theft and/or conversion of Trafigura's property;

(f) Fraud; and

(g) Such other acts as may be proven at trial.

20.

Alternatively, T.H. Gonzalez is liable to Trafigura, in whole or in part, under the laws of the State of Texas as the result of the following non-exclusive acts:

(a) Breach of its contractual obligation, among others to be proven at trial, to deliver the cargo at suit to the agreed upon location;

(b) Failure to perform due diligence and exercise reasonable care in the release of the cargo at suit;

(c) Failure to perform due diligence and exercise reasonable care in the verification of driver's credentials;

(d) Failure to fulfill its obligations as bailor of the cargo at suit;

(e) The theft and/or conversion of Trafigura's property;

(f) Fraud; and

(g) Such other acts as may be proven at trial.

21.

Alternatively, MTS is liable to Trafigura, in whole or in part, under the laws of the State of Texas as the result of the following non-exclusive acts:

(a) Breach of its contractual obligation, among others to be proven at trial, to deliver the cargo at suit to the agreed upon location;

(b) Failure to fulfill its obligations as bailor of the cargo at suit;

(c) The theft and/or conversion of Trafigura's property;

(d) Fraud;

(e) Failure to perform due diligence and exercise reasonable care in the hiring of truck drivers;

(f) Failure to equip trucks with necessary equipment;

(g) Failure to train drivers; and

(h) Such other acts as may be proven at trial.

22.

Alternatively, Perez is liable to Trafigura, in whole or in part, under the laws of the State of Texas as the result of the following non-exclusive acts:

(i)  Breach of its contractual obligation, among others to be proven at trial, to deliver the cargo at suit to the agreed upon location;

(j)  Failure to fulfill its obligations as bailor of the cargo at suit;

(k)  The theft and/or conversion of Trafigura's property;

(l)  Fraud;

(m) Failure to perform due diligence and exercise reasonable care in the hiring of truck drivers;

(n)  Failure to equip trucks with necessary equipment;

(o)  Failure to train drivers; and

(p)  Such other acts as may be proven at trial.

23.

Defendants are further liable to Trafigura for all attorneys' fees incurred in the prosecution of this matter pursuant to Chapter 38.001(5) and (8) of the Texas Civil Practice and Remedies Code and any other applicable agreement providing for such recovery.

**WHEREFORE**, Trafigura AG prays that service and issue of law be made against Trinity Transport Inc., T.H. Gonzales Inc., MTS Transportation Inc. and Pedro Perez; that, after due proceedings be had, judgment be entered in favor of Trafigura AG  and against defendants awarding Trafigura all damages as may be proven at trial, including but not limited to pre-

judgment and post-judgment interest, costs, expenses, and attorneys' fees; and that Trafigura AG

be awarded all other equitable relief as may be appropriate.

Respectfully submitted,

**LEGGE, FARROW, KIMMITT, McGRATH & BROWN, L.L.P.**

*/s/ James T. Brown*
James T. Brown
Texas Bar No. 03138150
6363 Woodway Drive, Suite 400
Houston, Texas 77057
Telephone:     (713) 917-0888
Facsimile:     (713) 953-9470

**ATTORNEYS-IN-CHARGE FOR PLAINTIFF,
TRAFIGURA AG**